UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT FOR ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U. S. COMMODITY FUTURES TRADING COMMISSION, Plaintiff, v. PEREGRINE FINANCIAL GROUP, INC., and RUSSELL R. WASENDORF, SR., Defendants. | Civil Action No: 1:12-cv-5383 Honorable George W. Lindberg Magistrate Judge Young B. Kim |

### [Proposed] STATUTORY RESTRAINING ORDER

Having read Plaintiff Commodity Futures Trading Commission's ("Commission" or "CFTC") Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint"), Plaintiff's Motion for Statutory Restraining Order ("Application"), Plaintiff's Memorandum of Points and Authorities in Support of Its Motion for Statutory Restraining Order and Motion for an Order of Preliminary Injunction ("Memorandum"), and the Appendix to Plaintiff's Motion ("Appendix"), and the Defendants having been given notice by telephone and an opportunity to be heard:

**THIS COURT HEREBY FINDS:**

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008) and the Dodd-Frank Wall

Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203 ("Dodd-Frank Act"), Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010) to be codified at 7 U.S.C. §§ 1 *et seq.*

2. This Court is authorized by Section 6c(a) of the Act, as amended, 7 U.S.C. § 13a-1(a), to issue a statutory restraining order against Defendants.

3. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

4. It appears to the satisfaction of the Court that there is good cause to believe that Defendants have engaged, are engaging, or are about the engage in conduct in violation of the Act. Specifically, there is good cause to believe: that defendants have violated Sections 4d(a), 4b(a)(1)(A), (C), and 6(c)(2) of the Act, as amended, 7 U.S.C. §§ 6d(a), 6b(a)(1)(A), (C), and 9(2), and Regulation 1.20(a), 17 C.F.R. § 1.20(a) (2012);

2. It appears to the satisfaction of the Court that there is good cause to believe Defendants' violations of the Act are likely to continue unless they are restrained and enjoined from committing further violations.

3. It appears to the satisfaction of the Court that there is good cause to believe that Defendants' customers have been and may continue to be cheated and defrauded, and the Court will be irreversibly deprived of its ability to grant effective final relief in the form of monetary redress due to the dissipation of customer assets unless Defendants are immediately restrained and enjoined by order of the Court.

4. Consequently, the Court is satisfied that it should grant a statutory restraining order to preserve the status quo, protect public customers from loss and damage, and enable the CFTC to fulfill its statutory duties.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

5.  The term "assets" means any legal or equitable interest in, right to or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies and all cash, wherever located.

6.  The term "document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a) and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5.  "Defendants" means Peregrine Financial Group, Inc. ("PFG") and Russell R. Wasendorf, Sr. ("Wasendorf").

## RELIEF GRANTED

## STATUTORY RESTRAINING ORDER

### I.   ASSET FREEZE

**IT IS ORDERED** that Defendants, all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, including email, facsimile, and UPS or other commercial overnight service, are restrained from directly or indirectly withdrawing,

3

transferring, removing, dissipating, concealing, or disposing of, in any manner, any funds, assets, or other property, wherever situated, including, but not limited to, all funds, personal property, money, or securities held in safes or safety deposit boxes and all funds on deposit in any financial or brokerage institution, futures commission merchant, bank, or savings and loan account held by, under the actual or constructive control of, or in the name of Defendants since January 2008. The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order.

II.     **PROHIBITION AGAINST DESTRUCTION OF BOOKS AND RECORDS**

**IT IS FURTHER ORDERED** that Defendants, all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, including email, facsimile, and UPS or other commercial overnight service, are restrained from directly or indirectly destroying, mutilating, concealing, altering, or disposing of any documents that related to the business practices or business or personal finances of the Defendants.

III.     **CFTC ACCESS TO AND INSPECTION OF BOOKS AND RECORDS**

**IT IS FURTHER ORDERED** that Defendants, all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, including email, facsimile, and UPS or other commercial overnight service, are restrained from directly or indirectly refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records, documents, correspondence, brochures, manuals,

electronically stored data, tape records, or other property of Defendants, wherever located, including, but not limited to, all such records concerning Defendants' business operations and Defendants' business or personal finances.

## IV. DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any bank, financial or brokerage institution, futures commission merchant, business entity, or person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants, either individually or jointly, or has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants, either individually or jointly, at any time since January 2008, and who receives notice of this Order by personal service or otherwise, including facsimile, electronic mail, Federal Express and United Parcel Service, shall:

- A. Prohibit Defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court;

- B. Deny Defendants and all other person(s) access to any safe deposit box that is: (a) titled in the name of Defendants, either individually or jointly; or (b) otherwise subject to access by the Defendants;

- C. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of the Defendants, or owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants: (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants or is otherwise subject to access by the Defendants; and

D.   Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a 1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## VI. SERVICE OF THE ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including by way of personal service, UPS or other commercial overnight service, email, facsimile or pursuant to Fed. R. Civ. P. 5 and Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial or brokerage institution, futures commission merchant, bank, savings and loan institution, other financial institution, or any other person or entity that holds any accounts, funds, assets, or other property of Defendants or that may have possession, custody, or control of any documents of Defendants, or that may be subject to any provision of this Order. William P. Janulis, Rosemary Hollinger, Jon Kramer and Melissa Glasbrenner, all representatives of the Commission, are hereby specially appointed to serve process and/or effectuate service of process, including of this Order and all other papers in this action.

**IT IS FURTHER ORDERED** that the United States Marshals Service is directed to assist the Commission with service of process, including of the Complaint, summons, and all

other papers in this case, as well as assist the Commission with taking control and custody of the assets, books and records, and business premises of Defendants.

### VII. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Plaintiff by delivering a copy to William P. Janulis, Chief Trial Attorney, or Rosemary Hollinger, Associate Director, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe Street, Suite 1100, Chicago, Illinois 60661.

### VIII. FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further Order of this Court upon application, notice, and an opportunity to be heard, and that this Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

### IX. FURTHER COURT HEARINGS

**IT IS FURTHER ORDERED** that Plaintiff should file its Motion for a Preliminary Injunction on or before _July 17_, 2012. Should any defendant wish to file a memorandum of law or other papers in opposition to Plaintiff's Motion for a Preliminary Injunction, all papers shall be filed and served on or before _July 24_, 2012. Any reply by Plaintiff shall be filed and served on or before _July 31_, 2012.

**IT IS FURTHER ORDERED** that [Plaintiff's Motion for a Preliminary Injunction or a status hearing] is set for hearing on _August 8_, 2012 at _9:00 AM_.

**IT IS SO ORDERED.**

DATED: _July 10, 2012_

_Rebecca Pallmeyer_
UNITED STATES DISTRICT JUDGE

8