Case: 1:12-cv-05383 Document #: 6-5 Filed: 07/10/12 Page 1 of 9 PageID #:143
Case: 1:12-cv-05383 Document #: 11 Filed: 07/10/12 Page 1 of 9 PageID #:180

CE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT FOR ILLINOIS

| | |
|---|---|
| U. S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> PEREGRINE FINANCIAL GROUP, INC., AND RUSSELL R. WASENDORF, SR. <br><br> Defendants. | Civil Action No. 1:12-cv-05383 <br><br> Honorable George W. Lindberg <br> Magistrate Judge Young B. Kim |

[~~Proposed~~] ORDER APPOINTING A TEMPORARY RECEIVER

Having read Plaintiff's Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint"), Plaintiff's Motion for Statutory Restraining Order ("Application"), Plaintiff's Memorandum of Points and Authorities in Support of Its Motion for Statutory Restraining Order and Motion for an Order of Preliminary Injunction ("Memorandum"), and the Appendix to Plaintiff's Motion ("Appendix"), and the Defendants having been given notice by telephone and an opportunity to be heard:

**THIS COURT HEREBY FINDS:**

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008) and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203 ("Dodd-Frank Act"),

Case: 1:12-cv-05383 Document #: 6-5 Filed: 07/10/12 Page 2 of 9 PageID #:144

Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010) to be codified at 7 U.S.C. §§ 1 *et seq.*

2. This Court is authorized by Section 6c(a) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1(a), to issue a statutory restraining order against Defendants.

3. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

4. It appears to the satisfaction of the Court that there is good cause to believe that Defendants have engaged, are engaging, or are about the engage in conduct in violation of the Act. Specifically, there is good cause to believe: that defendants have violated Sections 4d(a), 4b(a)(1)(A), (C), and 6(c)(2) of the Act, as amended, to be codified at 7 U.S.C. § 6d(a), 6b(a)(1)(A), (C), and 9(2), and Regulation 1.20(a), 17 C.F.R. § 1.20(a) (2012);

6. Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, authorizes this Court to appoint a temporary receiver and it appears that this is a proper case to appoint a temporary equity receiver, in that appointment of a temporary equity receiver is necessary to preserve and maximize the assets available to Defendant Peregrine Financial Group, Inc.'s ("PFG's") customers.

**IT IS HEREBY ORDERED THAT:**

*Michael M. Eidelman* is appointed as temporary equity receiver ("Receiver"), for the Defendants, and all funds, properties, premises, accounts and other assets directly or indirectly owned, beneficially or otherwise, by the Defendants, individually or collectively, including, but not limited to, investors' funds, for the purpose of marshalling, preserving, accounting for and liquidating the assets that are subject to this Order and directing,

monitoring and supervising Defendants' activities in accordance with the provisions of this Order set forth below.

**IT IS FURTHER ORDERED** that the Receiver shall be the agent of this Court in acting as Receiver under this Order.

## I.
## Powers of Receiver

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A. Take exclusive custody, control, and possession of all funds, property, and other assets in the possession of, or under the control of the Defendants wherever situated that the Receiver has a reasonable basis to believe is related to this action. The Receiver will also take exclusive custody, control, and possession of all customer funds and property and other assets traceable to customers in the possession of, or under the control of Defendants. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies, and all cash, wherever located.

B. Receive, collect, and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information and digital data and other papers and documents of Defendants, including documents related to customers

   or clients whose interests are now held by or under the direction, possession, custody or control of the Defendants;

C. Preserve, hold and manage all receivership assets that he collects, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients;

D. Prevent the withdrawal or misapplication of funds entrusted to the Defendants, and otherwise protect the interests of customers or clients;

E. Collect all money owed to the Defendants

F. Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities upon obtaining leave of this Court and thereafter, only upon further order of this Court;

G. Exercise discretion to make application to the Court for instructions or guidance, or approval of an act by the Receiver concerning assets valued at less than $250,000. For individual assets valued at $250,000 or more, the Receiver shall seek court instructions, guidance or approval;

H. Open one or more bank accounts as designated depositories for funds of the Defendants. The Receiver shall deposit all funds of the Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts;

I. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any

payment of any debt or obligation incurred by the Defendants prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of the Defendants; and

J. Close out all commodities futures and securities positions, or other outstanding positions and/or hold such assets without further court order.

K. Initiate bankruptcy proceeding on behalf of Defendant Peregrine Financial Group, Inc.

## II.
## Delivery to Receiver

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, Defendants shall, immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

A. Possession and custody of all funds and all other assets, belonging to customers as described in the complaint;

B. Possession and custody of documents of the Defendants not previously produced to the CFTC, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C. Possession and custody of all precious metals, other commodities, funds and other assets belonging to members of the public now held by the Defendants;

D. All keys, computer passwords, entry codes, PIN numbers and combinations to locks necessary to gain or to secure access to any of the assets or documents of

the Defendants, including but not limited to, access to the Defendants' business premises, means of communication, accounts, computer systems, or other property, including residential property of Defendant Wasendorf and;

E.  Information identifying the accounts, employees, properties or other assets or obligations of the Defendants.

### III.
### Cooperation with Receiver

**IT IS FURTHER ORDERED** that the Defendants and all other persons or entities served with a copy of this Order shall cooperate fully with and assist the Receiver in the performance of his duties subject to Defendants' appropriate assertion of the Fifth Amendment privilege against self-incrimination, and any other appropriate assertion of any other privilege or right. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this order; providing any password required to access any computer or electronic files in any medium; and advising all persons who owe money to the Defendants that all debts should be paid directly to the Receiver.

### IV.
### Stay

**IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of the receivership ordered herein, the Defendants, and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of the Defendants, the Receiver, receivership assets, or the

Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

    A. Commencing, prosecuting, litigating or enforcing any civil suit, except that actions may be filed to toll any applicable statute of limitations;

    B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants or any property claimed by the Defendants, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

    C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendants, or the Receiver or any agent of the Receiver; and

    D. Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver, or to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendants.

This section does not apply to the commencement or continuation of any action or proceeding by a governmental or regulatory unit, such as the Department of Justice or the National Futures Association ("NFA"), to enforce such governmental or regulatory unit's police or regulatory power.

## V.
### Receiver's Report to the Court and Compensation

**IT IS FURTHER ORDERED** that the Receiver maintain written accounts, itemizing receipts and expenditures, describing properties held or managed, and naming the depositories of receivership funds; make such written accounts and supporting documentation available to the Commission for inspection, and, within sixty (60) days of being appointed and periodically thereafter, as directed by the Court, file with the Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the receivership estate, and otherwise perform the duties mandated by this Order.

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate. However, until further order of the Court, the Receiver's compensation is limited to twenty-five thousand dollars ($25,000), to be satisfied first out of available assets of Defendant Russell R. Wasendorf, Sr., and then from available assets of Defendant Peregrine Financial Group, Inc. The Receiver and any personnel hired by the Receiver shall not be compensated by or otherwise be entitled to any funds from the Court or the CFTC.

The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than ninety (90) days after the date of this Order and subsequent requests filed quarterly thereafter. The requests for compensation shall itemize the time and nature of services rendered by the Receiver and all personnel hired by the Receiver.

## VI.
## No Bond

**IT IS FURTHER ORDERED** that the Receiver is appointed without bond.

## VII.
## Service of Order

**IT IS FURTHER ORDERED** that copies of the Order may be served by any means, including facsimile transmission, electronic mail or data transfer, upon any financial institution or other entity or person that may have possession, custody or control of any documents or assets of the Defendants that may be subject to any provision of this Order.

## VIII.
## Court Maintains Jurisdiction

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

IT IS SO ORDERED this 10th day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE