**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| U. S. COMMODITY FUTURES TRADING COMMISSION, | |
| Plaintiff, | Civil Action No: 1:12-cv-05383 |
| v. | Honorable George W. Lindberg |
| PEREGRINE FINANCIAL GROUP, INC., AND RUSSELL R. WASENDORF, SR. | Magistrate Judge Young B. Kim |
| Defendants. | |

**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Section 6c(a) of the Commodity Exchange Act, as amended (the "Act")[1], 7 U.S.C. § 13a-1(a) (2006 & Supp. III 2009) and Fed. R. Civ. P. 65(a), plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") hereby moves this Court for entry of an Order of Preliminary Injunction against Defendants Peregrine Financial Group, Inc. ("PFG"), and Russell R. Wasendorf, Sr. ("Wasendorf"), as well as any person acting in the capacity of an agent, servant, successor, employee, assign, or attorney of Defendants[2], that:

---

[1] The Commodity Exchange Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008) and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203 ("Dodd-Frank Act"), Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 16, 2010). (enacted July 16, 2010), to be codified at 7 U.S.C. §§ 1 *et seq*. The Commission's Regulations are promulgated thereunder. 17 C.F.R. §§ 1.1 *et seq*. (2011).

[2] As will be outlined in the proposed Order of Preliminary Injunction, nothing in this Motion or the proposed Order is intended to restrict in any way the authority, duties, and actions of: 1) Michael Eidelman (and his representatives) in his capacity as duly-appointed temporary receiver in this case; and 2) Ira Bodenstein (and his representatives) in his capacity as Trustee in the bankruptcy case entitled *In re Peregrine Financial Group, Inc.*, No. 12-27488 (Bkrtcy. N.D. Ill. filed July 10, 2012).

  A. Prohibits Defendants from destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants, wherever located, including all such records concerning Defendants' business operations;

  B. Prohibits Defendants from refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants, wherever located, including all such records concerning Defendants' business operations;

  C. Prohibits Defendants from withdrawing, transferring, removing, dissipating, concealing or disposing of, in any manner, any funds, assets or other property, wherever situated, including, but not limited to, all funds, personal property, money or securities held in safes or safe deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account held by, under the actual or constructive control of, or in the name of Defendants;

  D. Enjoins Defendants from committing further violations of Sections 4d(a), 4b(a)(1)(A), (C), and 6(c)(2) of the Act, to be codified at 7 U.S.C. §§ 6d(a), 6b(a)(1)(A), (C), and 9(2), and Regulation 1.20(a); and 17 C.F.R. § 1.20(a) (2012); and

  E. Enjoins Defendants from participating in certain trading, registration, and other activities regulated by the Act, as provided for in Section II-E, sub-paragraphs 1-7 of the Complaint.

  This motion is supported by the Commission's previously-filed Memorandum in Support of Plaintiff's Motion for a Statutory Restraining Order with Notice and other Ancillary ("Supporting Memorandum") (Dkt. 7), plus the Appendix of Declaration and Exhibits in Support

of Plaintiff's Motion (Dkt, 6, 6-1,6-2, and 6-3). This motion is additionally supported by a federal criminal complaint recently filed in the Northern District of Iowa alleging that Defendant Wasendorf violated 18 U.S.C. § 1001(a)(1)&(3) by "making and using false statements in a matter within the jurisdiction of the Government of the United States." *See U.S. v. Wasendorf*, No. 12-MJ-131 (N.D. Iowa, filed 07/11/12). An affidavit in support of the criminal complaint quotes portions of a signed written statement by Wasendorf in which he admits to misappropriating customer funds over a period of two decades. The criminal complaint and related affidavit are attached hereto as Attachment 1.

In support of its Motion, the Commission further states as follows:

1. Section 6c of the Act authorizes district courts to provide preliminary injunctive relief. The injunctive relief contemplated in Section 6c is remedial in nature and is designed to prevent injury to the public and to deter future illegal conduct. As a result, restrictive concepts ordinarily associated with private litigation, such as proof of irreparable injury or inadequacy of other remedies, are inapplicable. *See CFTC v. Hunt*, 591 F.2d 1211, 1220 (7th Cir. 1979).

2. The CFTC is entitled to injunctive relief whenever there exists "a reasonable likelihood of future violations" of the Act. *Id. See also CFTC v. Poole*, No. 1:05CV00859, 2006 WL 1174286, at *6 (M.D.N.C. May 1, 2006) (injunctive relief is warranted where there exists "a reasonable likelihood that defendants will continue to engage in the acts and practices alleged in the[CFTC's] Complaint and in similar acts and practices in violation of the Act and Regulations"). Whether injunctive relief is warranted is determined by the "totality of the circumstances" surrounding the defendant's violations, including the egregiousness of the defendant's actions, the isolated or recurrent or systematic nature of the violations, the degree of *scienter* involved, the defendant's recognition of the wrongfulness of the conduct, and the

likelihood that the defendant's customary business activities will present opportunities for future violations. *CFTC v. Hunt* at 1220; *CFTC v. Muller*, 570 F.2d 1296, 1300 (5th Cir. 1978); *CFTC v. British Am. Commodity Options Corp.*, 560 F.2d 135, 141 (2nd Cir. 1977).

3. Unless restrained and enjoined by this Court, Defendants are likely to continue to engage in the acts and practices alleged in Plaintiff's complaint, or in similar acts and practices. Immediate relief is appropriate and necessary to ensure that Defendant's assets are not dissipated and books and records are not destroyed, as well as to preserve the Court's ability to provide meaningful and complete relief upon the final determination of the merits of this action.

4. As outlined in greater detail in the previously-filed Supporting Memorandum, and as evidenced by the Declaration of Futures Trading Investigator Melissa Glasbrenner, other supporting documentary exhibits in the Appendix and the affidavit accompanying the criminal complaint, there is strong likelihood that:

   a. From at least February 2010 through the present, Defendants have failed to maintain adequate customer funds in a segregated account;

   b. By using customer funds for purposes other than those intended by the customers, Defendants misappropriated those funds;

   c. The shortfall exceeds $200 million; and

   d. Defendants have also filed false reports with the Commission regarding the amount of PFG's customer segregated accounts.

5. Given these circumstances, it is particularly appropriate for the Court to enter an order of preliminary injunction that preliminarily enjoins further violations of the Commodity Exchange Act, as amended, continues to freeze Defendants' assets, allows Plaintiff continued access to Defendant's records and provides other equitable relief.

**WHEREFORE,** the Commission respectfully requests that this Court enter an Order of Preliminary Injunction.

The Commission will shortly be submitting a proposed Order of Preliminary Injunction.

Dated:  July 17, 2012                                              Respectfully submitted,

<p style="margin-left: 50%;">s/ William P. Janulis</p>

<p style="margin-left: 50%;">Chief Trial Attorney<br>
Illinois A.R.D.C. No. 1326449<br>
Commodity Futures Trading Commission<br>
525 West Monroe Street, Suite 1100<br>
Chicago, Illinois 60661<br>
(312) 596-0545<br>
wjanulis@cftc.gov</p>

<p style="margin-left: 50%;">Jon. J. Kramer<br>
Senior Trial Attorney<br>
Illinois A.R.D.C. No. 6272560<br>
Commodity Futures Trading Commission<br>
525 West Monroe Street, Suite 1100<br>
Chicago, Illinois 60661<br>
(312) 596-0596<br>
jkramer@cftc.gov</p>

<p style="margin-left: 50%;">Rosemary Hollinger<br>
Regional Counsel<br>
Illinois A.R.D.C. No. 3123647<br>
(312) 596-0538<br>
rhollinger@cftc.gov</p>

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed Plaintiff's Motion for an Order of Preliminary Injunction and the related Notice of Motion with the Clerk of the Court using the CM/ECF system on July 17, 2012, and will cause it to be served by U.S. Postal Service Mail and *via* e-mail on the following non-CM/ECF participants by no later than July 18, 2012:

Russell Wasendorf, Sr.
c/o Jane Kelly
Assistant Federal Defender
320 Third Street SE
Suite 200Cedar Rapids, IA 52401
Email through carrie.maas@fd.org

William Scherle,
Attorney for Nancy Wansendorf
Hansen, McClintock & Riley
520 Walnut Street
Fifth Floor - US Bank Building
Des Moines, IA 50309
'bscherle@hmrlawfirm.com'

    /s/ William P. Janulis
    One of the Attorneys for Plaintiff
    Commodity Futures Trading
    Commission