IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

U.S. COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

v.

PEREGRINE FINANCIAL GROUP, INC.
and RUSSELL R. WASENDORF, SR.,

    Defendants.

Civil Action No. 1:12-cv-05383

Honorable Rebecca R. Pallmeyer

**ORDER (A) AUTHORIZING THE SALE OF CERTAIN REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (B) APPROVING THE TERMS OF RECEIVER'S RETENTION AGREEMENT WITH GA KEEN REALTY ADVISORS, LLC; (C) AUTHORIZING RECEIVER TO PAY SALE RELATED COSTS; (D) APPROVING BID PROCEDURES; (E) APPROVING THE FORM AND MANNER OF NOTICE OF PUBLIC SALE; (F) APPROVING PAYMENTS TO U.S. BANK; (G) SCHEDULING HEARING TO APPROVE SALE RESULTS; AND (H) GRANTING RELATED RELIEF**

This matter is before the Court upon the motion (the "Motion") of Michael M. Eidelman, not individually but solely in his capacity as the Court appointed temporary Receiver for Russell R. Wasendorf, Sr. ("Receiver") for entry of an Order, (a) authorizing the Receiver to sell (the "Sale") the Property (defined below) free and clear of liens, claims and encumbrances (collectively, the "Interests"), with such Interests, if any, attaching to the proceeds of the Sale (the "Sale Proceeds") with the same force and in the same priority as currently exists;[1]

---

[1] Based upon the Receiver's investigation to date, there only two known Interests encumbering the Property—real estate taxes and a mortgage. The proposed bid procedures contemplate the successful bidder paying, among other costs and expenses, all unpaid real estate taxes. The mortgage on the Property is held by U.S. Bank National Association who will release its lien on the Property upon receipt of net sale proceeds or other compliance with the terms of the Approval Order (defined herein).

CHICAGO/#2408531.1

(b) approving the terms of the Retention Agreement ("Retention Agreement") between the Receiver and his proposed broker, GA Keen Realty Advisors, LLC ("GA Keen Realty"); (c) authorizing the Receiver to pay, without further Order of the Court, all sale related costs; (d) approving the proposed Bid Procedures (defined below); (e) approving the form and manner of notice of public sale; (f) approving payments to U.S. Bank National Association ("U.S. Bank"); (g) scheduling a hearing to approve the sale results; and (h) granting related relief; the Court having determined that granting the relief requested in the Motion is in the best interest of the Receivership Estate; it appearing that due and proper notice of the Motion having been given and that no other or further notice is necessary; and after finding that good and sufficient cause appears therefore on the record; it is ORDERED:

1. The Motion is granted.

2. The Retention Agreement is hereby approved and authorized by this Court.

3. The Bid Procedures are hereby approved and fully incorporated into this Order, and shall apply with respect to the proposed Sale of the Property.

4. The Receiver is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

5. All provisions in the Retention Agreement, Bid Procedures and Motion relating to the Receiver's Agreements with U.S. Bank are hereby acknowledged and approved. U.S. Bank shall comply with the compensation structure set forth in the Retention Agreement including any and all payment obligations and terms set forth therein, and shall likewise comply with the provisions for reimbursement of the Receiver set forth in the Motion.

6. The publication of a Notice of Sale in accordance with 28 U.S.C. § 2002 provides proper notice to all parties in interest and is hereby approved.

7. The Receiver is authorized to sell the Property free and clear of Interests to the Successful Bidder, with such Interests, attaching to the Sale Proceeds with the same force and in the same priority as currently exists. The Receiver shall appear before the Court to confirm the Sale prior to the close.

8. The Receiver is authorized to pay, without further Order of the Court, all sale related costs, as set forth in the Retention Agreement.

9. The Receiver is authorized to enter into any documents reasonably necessary or desirable to implement the terms of this Order and effectuate the Sale of the Property, and to take all further actions as may reasonably be requested by the Successful Bidder for the purposes of assigning, transferring, granting, conveying and conferring to the Successful Bidder, as may be necessary or appropriate to the performance of the Receiver's obligations hereunder, subject to final Court approval.

10. The Property shall be transferred on an "AS IS," "WHERE IS," and "WITH ALL FAULTS" basis. All Sale Documents shall provide as follows: THE RECEIVER MAKES NO REPRESENTATIONS OR WARRANTIES AS TO CONDITION OR FITNESS OF USE OF THE PROPERTY. THE RECEIVER EXPRESSLY DISCLAIMS ALL EXPRESS AND IMPLIED WARRANTIES WITH RESPECT TO THE PROPERTY, INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

11. The holder(s) of Interests in the Property, if any, shall be prohibited from pursuing or asserting such Interests against the Successful Bidder, any of its assets, property, successors or assigns, or the Property.

CHICAGO/#2408531.1

12. If any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity and enforceability of any transfer contemplated hereby or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur, shall be governed in all respects by the original provisions of this Order and any Sale Documents.

13. Nothing contained herein shall prevent the Receiver from seeking additional relief from this Court relating to the Sale of the Property, including without limitation, orders relating to the Receiver's selection of a "stalking horse" bidder and providing such bidder customary bid protections.

14. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

15. All bidders submitting a bid are deemed to have submitted to the exclusive jurisdiction of the Court with respect to all matters related to the Sale and the terms and conditions of the transfer of the Property.

16. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Sale Procedures.

17. A hearing is set for June 5, 2013 at __9:30 am__ to confirm the Sale prior to the Closing Date. Effective as of the Closing Date, the Sale of the Property by the Receiver shall constitute a legal, valid and effective transfer of the Property.

DATED: __02/26__, 2013         ENTER:

_____
The Honorable Rebecca R. Pallmeyer
United States District Court Judge

4

CHICAGO/#2408531.1